IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DIEGO CASTILLO,**

    **Plaintiff,**

    v.                                                                  Civ. No. 25-628 LF/JFR

**UNITED STATES OF AMERICA,**

    **Defendant.**

### ORDER DENYING MOTION FOR ENTRY OF DEFAULT AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiff's *Motion for Entry of Default*, filed December 8, 2025. Doc. 5. As set forth below, the motion (Doc. 5) is not well taken and is therefore **DENIED WITHOUT PREJUDICE**.

Plaintiff filed his 'Complaint for Damages' ("Complaint") against the United States of America ("Defendant"), the sole defendant, on July 3, 2025. Doc. 1. The Clerk of the Court issued summons on July 18, 2025. *See* Doc. 3 at 1; Doc. 4 at 1; *accord* FED. R. CIV. P. 4(a)(1)(F)-(G). On October 3, 2025, Plaintiff filed proof of service (i.e., 'Certified Mail Receipt' dated July 24, 2025) upon the Office of the United States Attorney for the District of New Mexico. Doc. 3. That same day, Plaintiff also filed proof of electronic transmission (i.e., an email dated July 23, 2025)) of the summons (Doc. 1-3), Complaint (Doc. 1), and 'Civil Cover Sheet' (Doc. 1-1) to the Office of the Attorney General of the United States. *See* Doc. 4 at 5.

Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proper service, a court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins.*, 969 F.2d 940, 943 (10th Cir. 1992). Similarly, "[i]t is axiomatic that service of process must be effective under the Federal Rules of

Civil Procedure before a default or a default judgment may be entered against a defendant."
*Dewey v. City of Topeka*, No. 97-4037, 1997 WL 833300 (D. Kan. Dec. 18, 1997) (quoting *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)) (internal quotation marks omitted).  The burden of proof is on Plaintiff to establish the adequacy of service of process. *Fed. Deposit Ins. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

The Federal Rules of Civil Procedure provide that the United States can be served in the manner prescribed under Rule 4(i).  Rule 4(i) states, in relevant part:

> (1) *United States.*  To serve the United States, a party must:
>
> > (A) [either]
> >
> > > (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—***or***
> > >
> > > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; ***and***
> >
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1)(A)-(C) (emphasis added).

The present case does not "challenge[] an order of a nonparty agency or officer of the United States," so Plaintiff need not meet the fulfill subsection (C).  *See* FED. R. CIV. P. 4(i)(1)(C).  But seeing as the sole Defendant is the United States of America, *see* Doc. 1 at 1, Plaintiff must satisfy subsections (A) *and* (B), *see* FED. R. CIV. P. 4(i)(1)(A)-(B).  *Espinoza v. United States*, 52 F.3d 838, 839 n.2 (10th Cir. 1995) ("Fed.R.Civ.P. 4(i) requires delivery of the

summons and complaint to the United States Attorney and to the Attorney General in order to properly effect service upon the United States.").

Plaintiff has fulfilled subsection (A), based on the 'Certified Mail Receipt' of service to the United States Attorney General of New Mexico, dated July 24, 2025. Doc. 3 at 3; *accord* FED. R. CIV. P. 4(i)(1)(A). But Plaintiff has failed to demonstrate compliance with subsection (B). *Compare* FED R. CIV. P. 4(i)(1)(B), *with* Doc. 4. Plaintiff's proof of service upon the Office of the Office of the Attorney General of the United States shows that the summons (Doc. 1-3), Complaint (Doc. 1), and 'Civil Cover Sheet' (Doc. 1-1) were electronically transmitted via email on July 23, 2025. *See* Doc. 4 at 5. Yet, subsection (B) clearly requires that "the Attorney General of the United States at Washington, D.C." be served via "registered or certified mail . . . ." FED. R. CIV. P. 4(i)(1)(B). Because Rule 4 does not permit service by email without prior authorization from the Court, *see generally* FED. R. CIV. P. 4, Plaintiff has failed to complete proper service of process on Defendant. *See Egbune v. Baum*, No. 23-cv-02830, 2024 WL 1374905, at *2 n.3 (D. Colo. Apr. 1, 2024) (noting insufficiency of emailed "service").

Therefore, Plaintiff's *Motion for Entry of Default* (Doc. 5) is **DENIED WITHOUT PREJUDICE**. The Court further **ORDERS** that, no later than **Monday, December 22, 2025,** Plaintiff shall show good cause for failure to effectuate proper service. *See* FED. R. CIV. P. 4(m); *Espinoza*, 52 F.3d at 841 (recognizing discretionary authority to grant extension of time under FED. R. CIV. P. 4(m) but holding that "district courts must still preliminarily examine whether good cause for the delay exists.").

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**